Opinion by
Judge Wilkinson,
The issue to be determined in this case is what degree of proof is needed to show, for purposes of a Workmen’s Compensation award, that disability resulted in whole or in part from exposure to the hazards of an occupational disease occurring after June 30, 1973. In the 1972 amendments to the Pennsylvania Workmen’s Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P. S. §1 et seq. (Act), the Legislature added to the definition of injury[1] the occupational diseases enumerated in Section 108 of the Act, 77 P. S. §27.1, where exposure to the hazards of those occupational diseases occurred after June 30, 1973. Subsequently, Act No. 337 of 1972 added to the list of occupational diseases coal worker’s pneumoconiosis, anthraco-silicosis, and silicosis.[2] In addition, Act No. 223 added to Section 301 a new subsection (e), 77 P. S. §413, which creates a presumption that an employee’s occupational disease arose out of and in the course of his employment when that employee was working in an occupation in which the occupational disease was a hazard at or immediately before the date of disability. It is clear that the claimant in this case, as an underground coal miner totally disabled with pneumoconiosis, is entitled to the benefit of this unrebutted presumption. We are, therefore, left with the question of whether the claimant showed a sufficient causal nexus between his disability from an occupational disease and the exposure requirements after June 30, 1973, as contained in Section 301(c) (2), 77 P.S. §411 (2). We hold that he did.
*503 The facts of this case are not disputed. Claimant had worked underground in various coal mines from 1936 to July 17, 1973, and had worked continuously in mines owned by his last employer, U. S. Steel, since 1953. He filed a claim petition alleging total disability from occupational disease. Medical testimony submitted by claimant’s physician concluded that claimant “was totally and permanently disabled due to coal worker’s pneumoconiosis and that this condition is the result of his exposure to dusts while working in the coal mines.” The Commonwealth’s doctor agreed that claimant was totally disabled due to pneumoconiosis. The referee found that claimant’s permanent total disability was caused by an occupational disease within the meaning of the Act, and ordered payment of benefits based on Section 305.1 of the Act, 77 P. S. §411.1, which at that time required the employer to pay 25% of the benefits and the Commonwealth the remaining 75%. The Commonwealth appealed to the Workmen’s Compensation Appeal Board which affirmed the decision of the referee. The instant appeal followed.
The Commonwealth argues that the referee and the Board committed an error of law when they awarded the claimant compensation without evidence on the record of the causal relationship between the exposure to the hazard of an occupational disease occurring after June 30, 1973, and the claimant’s disability. In essence, they say the Act requires direct medical testimony of the relationship between the post June 30, 1973 exposure and the claimant’s disability. We disagree with this reading of the statute.
Section 301(c) (2), 77 P. S. §411(2), reads: “.. .this paragraph shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe’s exposure to the hazard of an occupational disease after June 30, 1973. . . .” (Emphasis supplied.) The uncontradicted medical testimony shows the claimant’s total disability resulted from the cumulative exposure to a silica hazard during the 37 or 38 years he *504 worked in the mines, ending July 17, 1973. Clearly this medical testimony is sufficient to show that the exposure after June 30,1973, no matter how slight, was in part the cause of claimant’s disability. This is all Section 301 (c) (2) requires.
The Commonwealth further argues that a specific finding by the referee of the causal relationship between claimant’s exposure after June 30,1973, and the disability is required to sustain the award. We disagree. Since the medical testimony is that the total exposure caused the disability, and since part of that total exposure occurred after June 30, 1973, it is axiomatic that the disability resulted in part from the exposure after June 30, 1973. We hold that an exact finding of the causal connection broken down by dates is not necessary. The findings as made are sufficient to support the legal conclusions drawn therefrom.
Accordingly, we enter the following
Order
Now, June 5, 1975, the order of the Workmen’s Compensation Appeal Board, dated January 9, 1975, affirming the referee’s award of compensation to Anthony T. Klebick, is hereby affirmed.

. Section 301(c)(2) added by the Act of October 17, 1972, P. L. 930, 77 P.S. §411(2) (Supp. 1974-1975) (Act 223).

. Section 108(q) added by the Act of December 6, 1972, P. L. 1627, 77 P. S. §27.1(q) (Supp. 1974-1975).