Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Ruth Scally, Widow of Robert Scally, deceased, *v.* Commonwealth of Pennsylvania, Appellant.

Argued June 3, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*David A. Ody,* Assistant Attorney General, with him *Samuel C. Vary,* Assistant Attorney General, for appellant.

*Joseph Gale,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, June 25, 1975:

This case involves substantially the same issue as was raised in *Workmen's Compensation Appeal Board and Klebick v. Commonwealth of Pennsylvania,* 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975). In this case, the claimant's husband died on July 21, 1973, as a result of anthraco-silicosis. Competent testimony was offered that claimant's husband and a silica hazard exposure for a number of years before June 30, 1973, as well as from June 30, 1973, until July 20, 1973, the day before his death. There is competent medical testimony from claimant's husband's physician who testified that "the disease and disability are the result of the accumulated effect of his exposure in working for various coal companies in and around the anthracite region from 1933 to 1973."

While the referee's findings could have been more specific, the Board, in its opinion, states:

"The medical testimony (N. T. 20) clearly establishes that the decedent's occupational disease and disability are 'the result of the accumulated effect of his exposure in working around the anthracite region from 1933 to 1973.' Based on the evidence in this record, we believe that claimant's exposure to a silica hazard after June 30, 1973, contributed substantially to his occupational disease."

We agree and we can see no good purpose being served by remanding the record for perhaps a more specific finding on this point.

Accordingly, we enter the following

ORDER

NOW, June 25, 1975, the order of the Workmen's Compensation Appeal Board, dated December 12, 1974, affirming the referee's award of compensation to Ruth Scally, is hereby affirmed.