Rochester & Pittsburgh Coal Company and Old Republic Insurance Company, Insurance Carrier, Petitioners *v.* Workmen's Compensation Appeal Board and William H. Gerber, Respondents.

Argued March 11, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Joseph J. Lee*, for petitioners.

*Eugene A. Creany,* for respondent, Gerber.

*Sandra S. Christianson,* Assistant Attorney General, for respondent, Department of Labor and Industry.

OPINION BY JUDGE ROGERS, April 1, 1977:

This is an appeal by an employer, the Rochester & Pittsburgh Coal Company, and the Commonwealth of Pennsylvania from the Workmen's Compensation Appeal Board's order affirming a referee's award to the claimant, William H. Gerber, of payments for total disability due to coal worker's pneumoconiosis.

The claimant worked for the employer as an underground coal miner from 1929 until 1945 when he became a repairman of mining equipment, still working underground. From 1966 until his retirement on June 21, 1974, the claimant was head mechanic at the employer's training and service facility located above ground in the Borough of Indiana.

In 1972, the Legislature enacted amendments to The Pennsylvania Workmen's Compensation Act[1] which added to Section 302(c)'s[2] definition of injury certain occupational diseases, if disability or death is caused in whole or in part from exposure to the hazards of those occupational diseases after June 30, 1973. Included among such diseases is coal worker's pneumoconiosis.[3]

The appellants agree that the claimant is totally disabled by pneumonconiosis. The issue is whether he was exposed to the hazard of coal worker's pneumoconiosis during the period after June 30, 1973 and until his retirement in June, 1974.

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

[2] 77 P.S. §411(2).

[3] Section 108, 77 P.S. §27.1(q).

The same issue was the subject of *Workmen's Compensation Appeal Board and Klebick v. Commonwealth*, 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975). There the claimant worked in the mines during only 17 days after June 30, 1973, and there we rejected the Commonwealth's argument that The Pennsylvania Workmen's Compensation Act requires "direct medical testimony of the relationship between the post June 30, 1973 exposure and the claimant's disability." 19 Pa. Commonwealth Ct. at 501, 338 A.2d at 760.

The appellants say that this case should be decided differently from *Klebick* because here there is a question as to whether the claimant was exposed to the hazard of coal worker's pneumoconiosis after June 30, 1973, since he then worked only above ground in the repair shop except during four trips underground lasting a total of 16½ hours. However, the claimant's testimony was that there was coal dust in the repair shop raised by the cleaning of mining machinery and that he was exposed to coal dust during his four trips into the mines. Contrary to the appellants' assertion, this evidence sufficiently supports the referee's finding that the claimant was exposed to the hazards of pneumoconiosis after June 30, 1973.

The appellants alternatively seem to argue that we should overrule our holding in *Klebick* that direct medical testimony relating exposure after June 30, 1973 to disability was not required for recovery under The Pennsylvania Workmen's Compensation Act. We are unwilling to do so. Here, as in *Klebick*, the appellants overlook Subsection 301(e), 77 P.S. §413, added by 1972 amendment, which provides claimants, who are employed in any occupation or industry in which the occupational disease is a hazard with a presumption that their occupational disease arose out of their employment. The instant claimant by showing

that he was exposed to hazard of coal worker's pneumoconiosis during the entire period of his employment with the appellant coal company, and that he was engaged in an occupation where the disease was a hazard, provided sufficient basis for a finding that he was exposed during his employment after June 30, 1973.

The appellants' further argument that one of the doctor's reports received in evidence refutes the claimant's case for exposure after June 30, 1973 because it says that the claimant's physical condition was "acquired during his many years of work in the mines," is without merit. We have carefully examined the entire report and are convinced that the doctor intended no distinction between the claimant's work underground until 1966 and his later work repairing mining machinery and occasionally making trips underground.

### ORDER

AND Now, this 1st day of April, 1977, the order of the Workmen's Compensation Appeal Board is affirmed and in accordance therewith, compensation is hereby awarded to appellant-claimant, William H. Gerber, at the rate of $106.00 per week, of which 50% or $53.00 shall be paid by the Commonwealth of Pennsylvania and 50% or $53.00 by appellants, Rochester & Pittsburgh Coal Company and its insurance carrier, Old Republic Insurance Company. Payments to begin December 3, 1974 and continuing within the limitations of the Act.

All compensation herein awarded shall be paid to the claimant by the defendant and/or its insurance carrier, pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation.

Interest is taxed on all accrued payments due and owing by the defendant insurance carrier only.

Counsel fees are waived.