Jones & Laughlin Steel Corp., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Mike Glemzua and Commonwealth of Pennsylvania, Respondents.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, for appellee, Commonwealth.

*Benjamin L. Costello,* for appellee, Glemzua.

OPINION BY JUDGE CRUMLISH, JR., June 5, 1978:

Jones & Laughlin Steel Corporation (Appellant) appeals the decision of the Workmen's Compensation Appeal Board (Board) awarding benefits to Mike Glemzua (Claimant) for disability caused by coal miner's pneumoconiosis. Claimant worked in the mines in various capacities for 36 years ending on July 5, 1973. On June 25, 1973, he was awarded Federal Black Lung benefits commencing in May of 1972. On January 17, 1975, Claimant was informed by his doctor that he was totally and permanently disabled by pneumoconiosis

caused by his cumulative exposure to coal dust in the mines and on February 19, 1975, he applied for benefits concurrently giving notice to Appellant of his disability.

Appellant avers that Claimant failed to give it timely notice of his disability; that the finding that Claimant's disability was caused in part by exposure to occupational hazards after June 30, 1973, was unsupported by the evidence; and that the Board erred in requiring Appellant to pay 50% of the compensation awarded.

We cannot agree and hence affirm the Board's decision.

Appellant's argument that Claimant failed to give timely notice of his disability is based upon the fact that Claimant had commenced Federal Black Lung benefits in May of 1972 and did not give his employer notice of his disability until February of 1975.[1] Appellant claims that Claimant should be charged with knowledge of his disability from the time he commenced receiving black lung benefits. Claimant, however, testified that it was not until January 17, 1975, that he was informed that he was totally and permanently disabled by coal worker's pneumoconiosis. Claimant firmly testified that no doctor had ever advised him of this nature or cause of his lung condition until then.

It is well settled

[i]n a workmen's compensation case where the party with the burden of proof prevailed below, review by this Court is limited to a determination of whether or not the findings of fact are consistent with each other and the conclusion of

---

[1] Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631, requires the Claimant to give notice of his disability resulting from occupational disease within 120 days of learning of such disability.

law and whether or not they can be sustained without a capricious disregard of competent evidence, leaving to the referee the resolution of conflicts in the testimony and questions of credibility.

*Workmen's Compensation Appeal Board v. Republic Steel Corp.,* 31 Pa. Commonwealth Ct. 301, 303, 375 A.2d 1369, 1371 (1977).

The referee chose to believe Claimant and it is axiomatic that his finding on a question of credibility is final. The date of the Federal Black Lung award is only one of several factors which the trier of fact may consider in determining the extent of Claimant's knowledge. Moreover, under the facts of this case, the date of the Federal Black Lung award could not conceivably be the date of disability for the purposes of receiving workmen's compensation in Pennsylvania. The Federal award commenced in May of 1972, while Claimant continued working in the mines until July 5, 1973, and continued in other work until the middle of 1976. In Pennsylvania it has been held that disability "should be regarded as being synonymous with 'loss of earning power'." *Borough of Catawissa v. Shultz,* 9 Pa. Commonwealth Ct. 546, 548, 308 A.2d 633, 634 (1973). Therefore, the date of the award of Black Lung benefits cannot be considered as the commencement of his disability since he continued work in the mines for some 14 months after the date of the grant of Federal benefits. *See, e.g., Workmen's Compensation Appeal Board v. Republic Steel Corp., supra,* 31 Pa. Commonwealth Ct. at 305, 375 A.2d at 1371-2. We therefore find support for the referee's finding that Claimant did not know of his disability until January 17, 1975, which mandates a holding that Claimant's notice to Appellant was timely.

Appellant's next contention is that Claimant's exposure to coal dust after June 30, 1973, did not con-

tribute to his disability and that he is ineligible for benefits under Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §411.2, which requires evidence of exposure to the disability producing hazard after June 30, 1973. Claimant, who only worked a few days after June 30, 1973, produced medical testimony that his disability was the result of his cumulative exposure to coal dust which specifically included the period following June 30, 1973. Thus, the Board's finding that Claimant's disability was caused by exposure after June 30, 1973, is supported by the evidence. This finding is in accord with *Workmen's Compensation Appeal Board v. Commonwealth*, 19 Pa. Commonwealth Ct. 499, 502, 338 A.2d 758, 760 (1975), where this Court held that in a case in which the claimant had only worked up until July 17, 1973,

> [s]ince the medical testimony is that the total exposure caused the disability, and since part of that total exposure occurred after June 30, 1973, it is axiomatic that the disability resulted in part from the exposure after June 30, 1973. We hold that an exact finding of the causal connection broken down by dates is not necessary.

That Appellant presented conflicting testimony is irrelevant since it is the referee's function to resolve conflicts in testimony.

Appellant's final contention is that the Board erred in apportioning 50% of the cost of benefits to Appellant. After a finding that Claimant's disability commenced on January 17, 1975, this apportionment is mandated by Section 305.11 of the Act, 77 P.S. §411.1. Appellant's contention is based upon a claim that the Board erred in finding that Claimant's disability commenced on January 17, 1975. We reject this contention for the reasons discussed on the timeliness issue.

Accordingly, we

## ORDER

AND Now, this 5th day of June, 1978, judgment shall be entered in favor of Claimant, Mike Glemzua, and against the defendants, Jones & Laughlin Steel Corporation and Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, in the amount of $100.00 per week beginning February 14, 1975, and continuing into the indefinite future. Of the award mentioned, the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, shall be liable for payment of 50% thereof, or $50.00 per week, and Jones & Laughlin Steel Corporation shall be liable for the remaining 50%, or $50.00 per week. The above award against Jones & Laughlin Steel Corporation only shall bear interest at the rate of ten (10%) percent per annum.

Defendant, Jones & Laughlin Steel Corporation, is further directed to reimburse Claimant, Mike Glemzua, through the United Mine Workers of America District No. 5 Compensation Department, for reasonable costs of prosecution in the total amount of $180.10.