120

Mathies Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Frank P. Kozlevchar, Respondents.

Consolidation Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Steve Jingleski, Respondents.

Consolidation Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William Bonkovich, Respondents.

Consolidation Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dominick Rigone, Respondents.

Mathies Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph Turki, Respondents.

Mathies Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Robert W. Seibert, Respondents.

Pittsburgh Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph Astorino, Respondents.

Argued September 15, 1978, before Judges Men-
cer, Blatt and MacPhail, sitting as a panel of three.

*Edward C. Schmidt* and *Daniel L. Fassio,* with
them *Andrew Rose* and *Rose, Schmidt, Dixon, Hasley
& Whyte,* for appellants.

*Laurence W. Dague,* Assistant Attorney General,
and *Benjamin L. Costello,* for appellees.

Opinion by Judge MacPhail, January 23, 1979:
All of the individual appellees (Claimants) herein
are retired coal miners who have been awarded work-

men's compensation disability benefits pursuant to Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §27.1(q), which provides benefits for those individuals who have become totally and permanently disabled as a result of anthracosilicosis (coal worker's pneumoconiosis).

Although the factual backgrounds for each individual Claimant are necessarily varied, we believe the issues presented are virtually identical in all cases and therefore have combined them for the purpose of this opinion.

Each Claimant had been employed in various capacities, both above and below ground, by various coal mining companies for periods varying from 20 to 45 years prior to the onset of their present disability. In virtually every case the Claimant had been medically diagnosed as having coal worker's pneumoconiosis prior to his giving notice to the companies involved. In some cases, the period between the Claimants' retirement for health reasons and their notification to the company that they were applying for benefits exceeded the 120 day statutory period as provided in Section 311 of the Act, 77 P.S. §631.[1]

However, in no instance did the period between the Claimants' diagnosis and their giving of notice exceed that statutory period.

---

[1] Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. . . . The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

In all but one of the cases the Claimant had either applied for or was presently receiving Federal Black Lung Benefits. It is also apparent that all Claimants were employed by the Coal Companies after June 30, 1973. The periods of their post June 30th employment varied from 6 days to approximately one year.

The four issues collectively presented by these appeals are as follows: (1) whether an application for Federal Black Lung Benefits indicates knowledge requiring notice pursuant to Section 311 of the Act, 77 P.S. §631, or whether the requisite knowledge properly arose upon diagnosis of the disability by a physician; (2) whether the appellants (Coal Companies) involved rebutted the presumption of exposure to an occupational disease hazard after June 30, 1973; (3) whether the referee's findings of hazards after June 30, 1973, were based upon sufficient competent evidence; and (4) whether the Coal Companies' constitutional rights of due process and equal protection under the law have been abridged by the assessment of 10 percent interest penalties, solely against the Coal Companies. In each case the Workmen's Compensation Appeal Board (Board) resolved these issues, in favor of the Claimants. We affirm.

It is well settled that in a workmen's compensation case where the party with the burden of proof prevailed below, review by this Court is limited to a determination of whether the findings of fact are consistent with each other and the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence, leaving to the referee the resolution of conflicts in testimony and questions of credibility. *Jones and Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978).

In the instant appeal the Coal Companies argue that Claimants' applications for Federal Black Lung

Benefits indicate that they had knowledge of their disease and of its relationship to their employment at the time they made application for those benefits. Therefore, the Coal Companies conclude that Claimants violated the provisions of Section 311 by waiting until they were medically advised of their condition to give notice of same to their respective employers. However, we believe that this issue is controlled by our recent decision in *Jones and Laughlin Steel Corp.*, *supra,* where we dealt with a situation quite similar to that presented in the instant appeal. That case involved a workmen's compensation claimant who was not informed of his disability until January 17, 1975. At that time his physician pronounced him totally and permanently disabled due to coal worker's pneumoconiosis resulting from his cumulative exposure to coal dust. Thereafter, on February 19, 1975, the Claimant applied for benefits while concurrently giving notice to his employer. The Claimant's employer contended that Claimant should be charged with knowledge of his disability from the time he began receiving Federal Black Lung Benefits in May of 1972. The Claimant had continued working until July 5, 1973. In denying the employer's appeal and awarding benefits to the Claimant, this Court stated that, "[t]he date of the Federal Black Lung award is only one of several factors which the trier of fact may consider in determining the extent of Claimant's knowledge." *Jones and Laughlin Steel Corp., supra,* at 613, 387 A.2d at 176.

This Court has repeatedly upheld awards based on notice given some time after retirement for health reasons, but within the 120 days of actual diagnosis by the Claimant's physician of total disability due to coal worker's pneumoconiosis. *Workmen's Compensation Appeal Board v. Republic Steel Corp.*, 31 Pa. Commonwealth Ct. 301, 375 A.2d 1369 (1977) and *In-*

*dustrial Services Contracting, Inc. v. Wilson*, 28 Pa. Commonwealth Ct. 83, 367 A.2d 377 (1977). Accordingly, we conclude that the failure of the Claimants to notify the Companies of their disability contemporaneously with their filing for Federal Black Lung Benefits is not fatal in and of itself to their present claims.

The Coal Companies have argued that they rebutted the presumptions that a hazard existed after June 30, 1973.[2] We have held that compensation cannot be awarded, for a condition of coal worker's pneumoconiosis, under the Act, unless the claimant was exposed to the hazard of the disease after June 30, 1973. *Industrial Services Contracting, Inc., supra.* Our Superior Court has repeatedly held that since the presumption provided for in Section 301(e) can arise only in an occupation where there is a known hazard, "whether the presumption arose and whether it had been rebutted were questions of fact for the compensation authorities: Jaloneck v. Jarecki Manufacturing Co., 157 Pa. Superior Ct. 609, 43 A.2d 430." *Witters v. Harrisburg Steel Corp.*, 183 Pa. Superior Ct. 450, 454, 132 A.2d 762, 764-65 (1957). We hold that the referee's determination in the cases now before us that the presumption set forth in Section 301(e) was not rebutted is factually sound.

As to whether or not the referee's findings of hazards after June 30, 1973 were based upon sufficient competent evidence, we quote from two of our recent cases:

---

[2] Section 301(e) of the Act, 77 P.S. §413 states: "If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive."

The same issue was the subject of Workmen's Compensation Appeal Board and Klebick v. Commonwealth, 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975). There the claimant worked in the mines during only 17 days after June 30, 1973, and there we rejected the Commonwealth's argument that The Pennsylvania Workmen's Compensation Act requires 'direct medical testimony of the relationship between the post June 30, 1973 exposure and the claimant's disability.' 19 Pa. Commonwealth Ct. at 501, 338 A.2d at 760.

*Rochester and Pittsburgh Coal Company v. Workmen's Compensation Appeal Board,* 29 Pa. Commonwealth Ct. 484, 486, 371 A.2d 562, 563 (1977).

[It] is sufficient to show that the exposure after June 30, 1973, no matter how slight, was *in part* the cause of claimant's disability.

. . . .

[a]n exact finding of the causal connection broken down by dates is not necessary. (Emphasis added.)

*Workmen's Compensation Appeal Board v. Commonwealth of Pennsylvania,* 19 Pa. Commonwealth Ct. 499, 502, 338 A.2d 758, 760 (1975).

In all of the cases involved in this appeal the referee found that each Claimant's permanent and total disability was a result of his cumulative exposure to coal dust over the entire course of his employment in the industry, including that period after June 30, 1973. In each case the referee heard the evidence, considered the conflicts and inconsistent statements in the testimony and determined the credibility of each witness in arriving at his findings and conclusions. In none of the cases do we find a capricious disregard of competent evidence. Accordingly, we affirm the referee's findings.

Finally, we consider the Coal Companies' argument of whether the assessment of interest imposed upon them pursuant to Section 406.1 of the Act, 77 P.S. §717.1,[3] violates their constitutional rights. The Coal Companies assert that by assessing interest solely against them and not against the Commonwealth, they have been denied equal protection under the law. The Claimants argue that the difference in treatment of the employer and the Commonwealth for assessment of interest purposes is justifiable and reasonable. The Commonwealth's assumption of some part of the compensation due Claimants is a gratuity. *Pekorofsky v. Glen Alden Coal Co.*, 171 Pa. Superior Ct. 97, 89 A. 2d 890 (1952). The employer's obligation, however, arises from its responsibility to the employee by virtue of the hazards to which the employee has been exposed while employed in the employer's enterprise. *Weyant v. General Refractories Co.*, 150 Pa. Superior Ct. 502, 29 A.2d 100 (1942). Therefore, we conclude that there is sufficient justification for the different treatment accorded the Coal Companies as opposed to the Commonwealth.

---

[3] The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407 on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum. Any payment of compensation prior or subsequent to an agreement or notice of compensation payable or greater in amount than provided therein shall, to the extent of the amount of such payment or payments, discharge the liability of the employer with respect to such case.

It is also clear that the imposition of the interest payment upon the Coal Companies violates neither the due process clause of the United States Constitution nor Article III, Section 18 of the Constitution of Pennsylvania. The Coal Companies argue that since there was no determination that they were at fault in the delays in the proceedings before an adjudication was made, they are being unlawfully penalized. The imposition of interest by the Legislature is not because of fault on the part of the employers, but rather because of delay in payment. Obviously, during the proceedings, the Coal Companies had the use of the funds which were ultimately due the Claimants. By the same token, the Claimants have been deprived of the use of their benefits during the period they were withheld. For this reason they are entitled to additional compensation in the form of interest. We see no violation of due process under these circumstances.

Accordingly, orders will be entered in each case affirming the adjudication of the Board.

ORDER IN 1364 C.D. 1977

AND Now, this 23rd day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated May 11, 1977, affirming the referee's award, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the Claimant Frank P. Kozlevchar, and against Mathies Coal Company and the Commonwealth of Pennsylvania in the sum of $100.00 per week, commencing on October 22, 1974, at the rate of $50.00 per week or 50 percent payable by the Mathies Coal Company and $50.00 per week or 50 percent payable by the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation. Interest is to be payable, by the Mathies Coal Company, on all deferred installments of compensation at the rate of 10 percent per annum.

The Mathies Coal Company is hereby directed to pay the Bill of Costs as filed by Claimant.

## ORDER IN 1043 C.D. 1977

AND Now, this 23rd day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated April 21, 1977, affirming the referee's award, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the Claimant Steve Jingleski, and against Consolidation Coal Company and the Commonwealth of Pennsylvania in the sum of $100.00 per week, commencing on December 19, 1974, at the rate of $50.00 per week or 50 percent payable by the Consolidation Coal Company and $50.00 per week or 50 percent payable by the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation. Interest is to be payable, by the Consolidation Coal Company, on all deferred installments of compensation at the rate of 10 percent per annum. The Consolidation Coal Company is hereby ordered to pay costs in the amount of $416.95 to Claimant through the United Mine Workers Association District 5, Compensation Department.

## ORDER IN 1804 C.D. 1977

AND Now, this 23rd day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated August 11, 1977, affirming the referee's award, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the Claimant William Bonkovich and against Consolidation Coal Company and the Commonwealth of Pennsylvania in the sum of $100.00 per week, commencing on October 26, 1973, at the rate of $25.00 per week or 25 percent payable by the Consolidation Coal Company and $75.00 per week or 75 percent payable by the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Dis-

ease Compensation. Interest is to be payable, by the Consolidation Coal Company, on all deferred installments of compensation at the rate of 10 percent per annum. The Consolidation Coal Company is hereby ordered to pay the Bill of Costs in the amount of $100.00.

## ORDER IN 901 C.D. 1978

AND Now, this 23rd day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated March 30, 1978, affirming the referee's award, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the Claimant Dominick Rigone, and against Consolidation Coal Company and the Commonwealth of Pennsylvania in the sum of $100.00 per week, commencing March 4, 1975 at the rate of $50.00 per week or 50 percent payable by Consolidation Coal Company and $50.00 per week or 50 percent payable by the Commonwealth of Pennsylvania. Interest is to be payable, by the Consolidation Coal Company, on all deferred installments of compensation at the rate of 10 percent per annum.

## ORDER IN 1891 C.D. 1977

AND Now, this 23rd day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated August 25, 1977, affirming the referee's award, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the Claimant Joseph Turki, and against Mathies Coal Company and the Commonwealth of Pennsylvania, in the sum of $106.00 per week, commencing June 6, 1974, at the rate of $26.50 per week or 25 percent payable by Mathies Coal Company and $79.50 per week or 75 percent payable by the Commonwealth. Interest is to be payable, by the Mathies Coal Company, on all deferred installments of compensation at the rate of 10 percent per

annum. The Mathies Coal Company is liable for all of Claimant's costs totalling $358.62. Finally, we direct the Mathies Coal Company and the Commonwealth of Pennsylvania to pay attorney's fees for the Claimant in the amount of $2,204.80.

ORDER IN 1081 C.D. 1978

AND Now, this 23rd day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated May 11, 1978, affirming and amending the referee's award, so as to direct the Mathies Coal Company to reimburse the Claimant Robert W. Seibert for costs totalling $172.60, is hereby affirmed. Accordingly, the Mathies Coal Company and the Commonwealth of Pennsylvania are hereby ordered to pay judgment to Claimant Robert W. Seibert in the amount of $106.00 per week, commencing June 4, 1974, at the rate of $26.50 per week or 25 percent payable by the Mathies Coal Company, and $79.50 per week or 75 percent payable by the Commonwealth. Interest is to be awarded in accordance with the law.

ORDER IN 1858 C.D. 1977

AND Now, this 23rd day of January, 1979, the order of the Workmen's Compensation Appeal Board, dated August 18, 1977, affirming the referee's award is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the Claimant Joseph Astorino, and against the Pittsburgh Coal Company and the Commonwealth of Pennsylvania, in the sum of $106.00 per week, commencing March 28, 1974, at the rate of $26.50 per week or 25 percent payable by Pittsburgh Coal Company, and $79.50 per week or 75 percent payable by the Commonwealth. Interest, payable by the Pittsburgh Coal Company, shall accrue on all due and unpaid compensation at the rate of 10 percent per annum. The Pittsburgh Coal Company

is liable to Claimant Joseph Astorino for $130.00 in costs and to C. Jerome Moschetta for $238.50 in costs paid by him. Attorney fees in the sum of $2,600.00 shall be paid to C. Jerome Moschetta, Esquire, against the above award.