Arco Polymers, Inc. and Underwriters Adjusting Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Commonwealth of Pennsylvania and Shirley Croston, Respondents.

Argued March 9, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*Ronald Ganassi,* with him *Will & Keisling,* for petitioners.

*Ernest B. Orsatti,* with him *Jubelirer, Pass & Intrieri,* for respondents.

OPINION BY JUDGE DISALLE, May 22, 1979:

Arco `Polymers, Inc. (Employer) and its insurer have appealed from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits to Shirley Croston (Claimant) by reason of a determination that Claimant became totally disabled by anthracosilicosis on May 29, 1975, as a result of his "cumulative" exposure to coal and other noxious dust, smoke and fumes which "emanated" from various operations in Claimant's work area. Given the date and nature of the disability, the referee assessed 50% of the liability for compensation on Employer pursuant to Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 2 of the Act of December 6, 1972, P.L. 1627, *as amended,* 77 P.S. §411.1. While Employer raises several issues on appeal, the sole issue raised before the Board and, hence, the only issue we are obliged to address, relates to whether the referee's determination is supported by substantial evidence.[1] *See* 2 Pa. C.S. §703(a) and Pa. R.A.P. 1551(a). The thrust of Employer's argument, of course, goes to whether Claimant has sufficiently demonstrated that he was exposed to a hazard after June 30, 1973. *See* Section 301(c)(2) of the Act, 77 P.S. §411(2).

Having carefully reviewed the record, we are satisfied that the referee's determination is supported by

---

[1] Before the Board, this issue was phrased in terms of whether the referee improperly failed to consider rebuttal evidence introduced by Employer.

substantial evidence. Testimony proffered by Claimant, his co-workers and his medical witness clearly supports the referee's key conclusions. Further, referee Laughlin, in an especially well-written and well-reasoned award, specifically catalogued each item of Employer's rebuttal evidence in relation to Claimant's evidence and either resolved conflicts therein in Claimant's favor or simply concluded that Employer's evidence bore little probative weight.[2]

With regard to his exposure to a hazard after June 30, 1973, all the Claimant was obliged to show was that his exposure after that date contributed to his disability, no matter how slightly. *See Workmen's Compensation Appeal Board v. Commonwealth*, 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975). Not only was there evidence that Claimant was exposed to coal and other noxious dust, smoke and fumes after June 30, 1973, but Claimant's medical witness specifically testified that this exposure contributed to Claimant's disability. Indeed, as the Board accurately noted, Employer's evidence, taken by itself, merely established that the hazard levels had been reduced after June 30, 1973, not that they had been eliminated. We affirm.

### ORDER

AND Now, this 22nd day of May, 1979, the order of the Workmen's Compensation Appeal Board dated May 4, 1978, affirming a referee's award of benefits to Shirley Croston, is hereby affirmed and judgment is entered on the award. The employer, Arco Polymers, Inc., and/or its insurer, Underwriters Adjust-

---

[2] With regard to Employer's test results relating to dust levels, for example, the referee found as follows:

22. Your Referee finds that the dust sampling tests taken during the period May 28, 1976 through June 3, 1976 are of little consequence, especially in view of the fact that

ing Co., and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, are therefore ordered to pay compensation to Shirley Croston at the rate of $106.00 per week beginning May 29, 1975, and continuing into the indefinite future. Of the aforementioned $106.00 weekly compensation, the Commonwealth shall be liable for the payment of fifty percent (50%) thereof, or $53.00 per week, and the employer and/or its insurer shall be liable for the remaining fifty percent (50%), or $53.00 per week.

The above award against the employer and/or its insurer only shall bear interest on all deferred payments of compensation at the statutory rate of ten percent (10%) per annum.

The employer and/or its insurer are further directed to pay attorney fees in accordance with the referee's order in the above-captioned matter dated June 6, 1977.

---

they were performed almost two years after the claimant's employment had been terminated. Furthermore, even though the testing was done under conditions which could not be considered the most adverse, as far as the presence of dust hazards are concerned, they still revealed the presence of various atmospheric dusts although said dust conditions met the O.S.H.A. standards in most instances.