Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Henry Z. Honacki and Commonwealth of Pennsylvania, Respondents.

Argued November 13, 1979, before Judges WILKIN-SON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Linton L. Moyer,* with him *Thomson, Rhodes & Grigsby,* for petitioner.

*J. Scott Lackia,* with him *Benjamin L. Costello, William C. O'Toole,* and *Margaret D. Blough,* for appellee.

OPINION BY JUDGE MACPHAIL, January 23, 1980:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision granting benefits to Henry Honacki (Claimant).

Claimant was employed by various employers in the bituminous coal mining industry from 1934 to January 30, 1976. His last employment, which extended from 1941 to January 30, 1976, was with Republic Steel Corporation (Employer). Claimant worked below ground from 1941 to September 14, 1972 on which date he was transferred by Employer to the position of lampman and janitor where he stayed until he terminated his employment on January 30, 1976.

Claimant applied for Federal Black Lung benefits on March 8, 1976. He did not apply for Pennsylvania Workmen's Compensation benefits[1] until he received Dr. Macy I. Levine's medical report of July 9, 1976 stating that he, the Claimant, had become totally and permanently disabled due to pneumoconiosis which in the doctor's opinion resulted from the total cumulative exposure to coal dust throughout the Claimant's entire working experience. Notice of disability was received by the Employer on September 13, 1976.

After two hearings the referee awarded benefits from the date of notice.[2] Employer appealed and the Board affirmed. This appeal followed.

Employer argues that (1) the referee and the Board erred in awarding Claimant benefits for disability for the reason that the Claimant failed to prove by medical evidence that his disability resulted in whole or in part from Claimant's exposure to hazard of an occupational disease after June 30, 1973 as required by Section 301(c) of the Act, 77 P.S. §411, and

---

[1] Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Act of December 6, 1972, P.L. 1627, 77 P.S. §27.1(q), provides benefits for those individuals who have become totally and permanently disabled as a result of anthracosilicosis (coal worker's pneumoconiosis).

[2] [U]nless the employee . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given. . . . Section 311 of the Act, 77 P.S. §631.

(2) Claimant failed to give timely notice of his injury to the Employer as required by Section 311 of the Act, 77 P.S. §631.

This Court has repeatedly rejected arguments that the Act requires " 'direct medical testimony of the relationship between the post June 30, 1973 exposure and the Claimant's disability.' " *Rochester and Pittsburgh Coal Co. v. Workmen's Compensation Appeal Board,* 29 Pa. Commonwealth Ct. 484, 486, 371 A.2d 562, 563 (1977). Even if we were to accept Employer's argument that competent medical evidence is necessary to substantiate a claim of post June 30, 1973 exposure, the record before us in the present case is replete with such evidence. The record indicates that on July 9, 1976, Dr. Levine wrote unequivocally that Claimant was totally and permanently disabled due to pneumoconiosis *"due to the total cumulative exposure to coal dust throughout his entire working experience."* (Emphasis added.) Employer argues that Dr. Levine's final diagnosis will not suffice as competent medical evidence in view of the doctor's initial letter of July 2, 1976. In that letter, the doctor indicated that Claimant's work above ground did not involve exposure to coal dust. However, the referee chose to rely upon the doctor's final diagnosis and the Claimant's own testimony concerning his exposure to coal dust while working as a lampman and janitor. Clearly, this was within the referee's prerogative.

We have routinely reiterated that in workmen's compensation cases, questions of credibility and the choice between conflicting testimony including such as may arise from a witness' inconsistent testimony or from conflicting testimony of two or more witnesses are for the referee, not for the reviewing court. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Concerning the timeliness of the notice, the applicable test for notice is whether it was given within 120 days of when Claimant "knows, or by the exercise of reasonable diligence should know, of the existence of the injury [disability] and its possible relationship to his employment." Section 311 of the Act, 77 P.S. §631. Here, the referee found as facts that Claimant "did not know nor did he have reason to know that he was totally and permanently disabled from pneumoconiosis until he was specifically advised of same by Dr. Macy I. Levine on July 9, 1976," and that "notice was given within 120 days of the Claimant's learning of his total and permanent disability." There is substantial evidence in the record to support those findings. It is true, as Employer argues, that some of the language in the Board's opinion could be construed as restricting the "triggering" aspect of the notice requirement to that point in time when the Claimant *definitely* knew of his disability and the cause thereof. Of course, the plain language of the statute fixes the point at which the 120 days begins to run as when the Claimant knew or had reason to know of his disability and the cause thereof. In any event, the referee's specific finding using the correct statutory language renders any misleading language in the Board's opinion moot and likewise negates the necessity of a remand as requested by the Employer.

Finally, Employer argues that the facts that Claimant terminated his employment on January 30, 1976, that he filed for Federal Black Lung benefits on March 8, 1976, and that he said in his application for those benefits that he had been told by a physician that he had pneumoconiosis indicate that the Claimant knew or should have known of his disability at least by February of 1976. Inasmuch as that date would be beyond the 120 days from the date Employer received his notice, Employer contends that the claim must be dismissed. We disagree.

This Court has held that the proceedings for Black Lung benefits, while admissible as evidence of when a Claimant knew or should have known of his disability and the cause thereof, are not conclusive or binding upon the referee. Indeed, we have held that even where Claimant is *receiving* Federal Black Lung benefits, Claimant is not required to give his Employer notice until he is informed that he is totally and permanently disabled by his pneumoconiosis. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978). Also, this Court has repeatedly upheld awards based on notice given some time after Claimant's retirement for health reasons, but within 120 days of actual diagnosis by the Claimant's physician of total disability due to coal worker's pneumoconosis. *Mathies Coal Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 120, 399 A.2d 790 (1979).

Finding no merit in either of Employer's contentions, we affirm.

### ORDER

AND Now, this 23rd day of January, 1980, the order of the Workmen's Compensation Appeal Board dated November 2, 1978, is hereby affirmed and judgment is entered in favor of Henry Z. Honacki. Republic Steel Corporation is ordered and directed to pay compensation to the Claimant at the rate of $187.00 per week beginning on September 13, 1976. The award shall bear interest on all deferred payments at the rate of 10 per cent per annum. Republic Steel Corporation shall also pay costs in the amount of $108.00 to United Mine Workers of America District 5.

Judge DISALLE did not participate in the decision in this case.