Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Andrew L. Wojtaszek and Commonwealth of Pennsylvania, Respondents.

Submitted on briefs, March 14, 1980, to Judges Mencer, Craig and Williams, Jr., sitting as a panel of three.

8

*Linton L. Moyer,* of *Thomson, Rhodes & Grigsby,* for petitioner.

*Kenneth J. Yablonski,* for respondent.

OPINION BY JUDGE CRAIG, April 24, 1980:

Republic Steel Corporation (Republic) petitions for review of the decision of the Workmen's Compensation Appeal Board (board) which affirmed the referee's award of benefits for total disability due to coalworker's pneumoconiosis to Andrew L. Wojtaszek (claimant). We affirm the board.

Claimant worked underground in the Pennsylvania bituminous coal mines from 1925 until July, 1974, having been employed since 1953 by Republic. He left Republic's mines on July 20, 1974 and filed a claim petition on March 26, 1976 under Section 108 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §127.1, alleging that he became totally disabled on March 11, 1976, on which date he was informed by his physician of a diagnosis of total disability, due to coalworker's pneumoconiosis.

The referee found claimant totally disabled as alleged in the petition and also found that claimant sent

notice to Republic on March 18, 1976, "which was within seven days of his first knowledge of total disability from an occupational disease."

Republic's appeal contends only that the latter finding is inadequate to resolve the legal issue of claimant's compliance with the 120-day notice requirement of Section 311 of the Act, 77 P.S. §631,[1] and therefore, that the board erred in not remanding the claim to the referee for a further finding, as to whether claimant earlier should have known of his disability and its relationship to his employment.

In *Zacek v. Republic Steel Corp.*, 25 Pa. Commonwealth Ct. 199, 359 A.2d 842 (1976), (*Zacek I*), cited by Republic, we remanded to the referee for findings concerning when the claimant knew or should have known of his disability due to an occupational disease, because "the referee failed to make *any* findings" as to when the claimant had either knowledge or constructive knowledge, and, despite the employer's consistent contention that notice was untimely, "the referee failed to respond to that contention." *Zacek I,*

---

[1] Section 311, in its entirety reads:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

*supra*, 25 Pa. Commonwealth Ct. at 202, 359 A.2d at 844. (Emphasis ours.)

However, the referee in this case has made a finding with regard to claimant's knowledge; thus here the question is not the total absence of a finding as to when the 120-day notice period began, but is, rather, whether the referee's express finding on the timeliness of notice is sufficient even though it does not employ the literal language of the statute to mention constructive knowledge also.

In *Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 47 Pa. Commonwealth Ct. 74, 407 A.2d 117 (1979) (*Zacek II*), we stated that the notice period cannot begin to run against a claimant until the five elements of "(1) knowledge or constructive knowledge (2) of a disability (3) which exists, (4) which results from an occupational disease, and (5) which has a possible relationship to his employment" are concurrently satisfied. *Zacek II, supra,* 47 Pa. Commonwealth Ct. at 77, 407 A.2d at 118.

Although the finding here could have been more explicitly stated,[2] our careful review of the record persuades us of its sufficiency in the context of the actual record.

Republic is unable to direct us to any portions of the record which might support satisfaction of the conditions of Section 311 before March 11, 1976, other than reference to claimant's subjective symptomatology and his having sought federal black lung benefits in 1973, while still employed in Republic's mines (which application was denied), and again in 1974, after leaving the mines.

We addressed that contention in *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal*

---

[2] *See Zacek II, infra,*    Pa. Commonwealth Ct. at 407 A.2d at 118-19, for what we characterized as "rather detailed findings."

*Board,* 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978), where the employer sought to charge a claimant with knowledge of his disability due to pneumoconiosis from the time claimant was awarded federal black lung benefits, an arguably stronger case than that present here.

In *Jones & Laughlin, supra,* as here, the claimant firmly testified that the recent diagnosis upon which he based his claim was the first he had known or been advised of the nature or cause of his lung condition. We affirmed the referee's finding and award, stating that ''[t]he referee chose to believe Claimant and it is axiomatic that his finding on a question of credibility is final. The date of the Federal Black Lung Award is only one of several factors which the trier of fact may consider in determining the extent of claimant's knowledge.'' *Jones & Laughlin, supra,* 35 Pa. Commonwealth Ct. at 613, 387 A.2d at 176; *accord, Zacek II, supra; Mathies Coal Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 120, 399 A.2d 790 (1979).

In the present case, we do not even have a federal award as any factor warranting further consideration, only an application, a denial, and an application.

Therefore, because the record here is devoid of evidence which could supply a basis for constructive knowledge by claimant any earlier than the date found by the referee, yet does contain substantial evidence to support the finding as to actual knowledge, the board was correct in declining to order a remand which could serve no meaningful purpose.

### ORDER

AND Now, this 24th day of April, 1980, the order of the Workmen's Compensation Appeal Board dated June 21, 1979, No. A-75532, is affirmed. Accordingly, it is ordered that judgment be entered in favor of

claimant, Andrew L. Wojtaszek, and against Republic Steel Corporation, self-insured, and the Commonwealth of Pennsylvania Department of Labor and Industry, in the following amounts:

1. Compensation in the amount of $106.00 per week commencing March 11, 1976, and continuing to the present and into the future within the terms and limitations of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

2. Said compensation is to be paid in the ratio defined in Section 305.1 of the Act, 77 P.S. §411.1, *i.e.*, 75% per week by the defendant, self-insured, and 25% per week by the Commonwealth of Pennsylvania.

3. Defendant Republic Steel Corporation shall pay the amount of $326.50 to the United Mine Workers of America, District No. 5, Compensation Department, for costs incurred.

4. Defendant Republic Steel Corporation shall pay interest at the rate of 10% per annum on all deferred compensation owed claimant by the defendant.