556 A.2d 958

Split Vein Coal Company, Petitioner *v.* Workmen's Compensation Appeal Board (Erdman), Respondents.

Submitted on briefs November 9, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Alan P. Schoen, Lenahan & Dempsey, P.C.,* for petitioner.

*Lester Krasno, Law Offices of Lester Krasno,* for respondent, Charles M. Erdman.

OPINION BY JUDGE BLATT, April 6, 1989:

Split Vein Coal Company (petitioner) petitions for our review of the order of the Workmen's Compensation Appeal Board (Board) affirming the referee's award of benefits to Charles M. Erdman (claimant). We will affirm.

The claimant worked for over 30 years in the coal-mining industry, and he last worked for the petitioner. Although the details are sketchy, it appears that in August of 1980, the claimant applied for federal black lung benefits and quit work. He subsequently filed a claim petition for workmen's compensation benefits on July 6, 1982, alleging that he became totally disabled on August 15, 1980 due to anthracosilicosis caused by exposure to dust and other particulate matter in his employment in the coal-mining industry. He further alleged that the petitioner was served notice of the disability in August of 1980 through the claimant's filing of the claim petition for federal black lung benefits. On July 26, 1982, the claimant was examined by Dr. David C. Scicchitano, who diagnosed him as suffering from anthracosilicosis.

Two evidentiary hearings were held before Referee Joseph R. Kowitski. The claimant testified on January 11, 1983, and Dr. Scicchitano testified by telephone on July 7, 1983. Dr. Scicchitano testified that, in his opinion, the claimant is totally disabled due to anthracosilicosis as of the date of his first pulmonary function studies, which was July 26, 1982. Referee Kowitski then filed a decision on January 26, 1984 finding that the claimant is totally disabled by coal worker's pneumoconiosis as of July 26,

1982. The referee specifically stated that this finding is based on the testimony of Dr. Scicchitano, and that he found the testimony of the claimant to be credible and that of Dr. Scicchitano to be credible and competent. The referee also found that:

> [The claimant] last worked with Split Vein Coal Company on August 28, 1980 and separated therefrom because of shortness of breath and the receipt of his Federal Black Lung Award. Notice was given to Split Vein by its receipt of the federal Black Lung application and decision.

Referee Kowitski's decision at 2, Reproduced Record (R.R.) at 58a. Referee Kowitski concluded that the claimant had met his burden of proving that he was disabled due to his work in the coal-mining industry and that he is entitled to benefits.

The petitioner appealed this decision to the Board, arguing that it had not received adequate notice of the claimant's disability, and that the referee had therefore erred. It further argued that the referee erred in concluding that the claimant's application for federal black lung benefits constituted adequate notice in this workmen's compensation case. The Board remanded the matter to the referee for further fact finding as to when the claimant knew, or should have known, that he was disabled by an occupational disease, and if and when he gave notice thereof to the petitioner. The Board directed the referee to base these findings on the existing record.

Upon remand, the case was assigned to Referee Howard M. Spizer. He took no further evidence, but heard oral argument from counsel for both parties on January 27, 1987. He then filed a decision on March 12, 1987 containing the following relevant findings of fact:

> 4. This Referee has reviewed the Record in its entirety and finds the Claimant advised his em-

ployer of a pending Federal Black Lung application in August of 1980.

5. This Referee finds that the Claimant presented the testimony of Dr. David C. Scicchitano, who examined the Claimant initially in July, 1986 [sic],[1] and concluded that the Claimant was disabled as of July 26, 1982. The opinion of Dr. Scicchitano was accepted by Referee Kowitski as conclusive of the date of Claimant's disability for purposes of the Workmen's Compensation Act.[2]

6. This Referee finds the Claimant's Claim Petition predates knowledge from Dr. Scicchitano that he was disabled which was a date subsequent to July 26, 1982.

7. The Claimant gave notice to the Defendant within the meaning of Section 311 of the Act[3] by the filing of his claim petition, even though it predated knowledge that he was disabled as imparted to him by his physician.

Referee Spizer's decision at 3-4, R.R. at 78a-79a. Referee Spizer went on to conclude that the claimant had established that he knew he was disabled at a date subsequent to July 26, 1982, and that the petitioner was given timely notice by the filing of the claim petition for workmen's compensation benefits because it predated notice to the claimant from his physician.

The petitioner again appealed to the Board. The Board affirmed on the basis of *Lambert v. Workmen's Compensation Appeal Board,* 106 Pa. Commonwealth Ct. 565, 526 A.2d 1263 (1987), and on the premise that

---

[1] This is an obvious typographical error and should read "1982."

[2] The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

[3] 77 P.S. §631.

the statutory notice period does not begin to run until a claimant is determined to be disabled, which in this case was July 26, 1982. The petitioner then appealed to this Court.

The petitioner has raised two issues for our review. We will first address the issue of whether Referee Spizer erred in not making a finding of fact as to when the claimant knew or should have known that he was disabled as a result of anthracosilicosis. Of course, this is not a precisely accurate issue, because Referee Spizer did make a finding as to when the claimant *knew* of his disability. He did not, however, make a finding as to when, by the exercise of reasonable diligence, the claimant *should have known* of the existence of his disability and its possible relationship to his employment.

Section 311 states, in relevant part, as follows:

[U]nless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. *However, in cases* of injury resulting from ionizing radiation or any other cause *in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.* The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease. (Emphasis added.)

The petitioner would like there to be a finding that, by the exercise of reasonable diligence, the claimant should have known of his disability well before July 6, 1982, the date of his application for workmen's compensation benefits.

The clear language of Section 311 provides, however, that the notice period does not begin to run until the claimant has (1) knowledge or constructive knowledge (2) of a disability (3) *which exists,* (4) which results from an occupational disease, and (5) which has a possible relationship to his employment. *Republic Steel Corporation v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 77, 407 A.2d 117, 118 (1979) (emphasis added). All five elements must conjoin. *Id.* Because in this case there is no clear evidence that the disability existed until July 26, 1982, that is the earliest date on which the notice period could possibly begin to run.

Moreover, it is also clear from the plain language of Section 311 that the purpose of the second sentence, and the importance of a finding of when a claimant knew or should have known of his disability, is to protect a claimant who is disabled, but who may not know of the extent or cause of his disability at the time when he first becomes disabled. It allows for a delay in the start of the time period for giving notice, rather than always automatically starting that 120-day time period on the date of the occurrence of the injury.

In this case, the claimant does not need that extra time. The referee found the date of disability to be July 26, 1982. This finding is specifically supported by the testimony of Dr. Scicchitano. Notice to the petitioner was not given more than 120 days after that date, but, to the contrary was given 20 days prior to that date. It would not be possible to find that a claimant knew or should have known of a disability prior to the date of the disability. Therefore, it is not necessary in this case to have a finding of when the claimant should have known of his disability, because that date could not be a date prior to July 26, 1982.

It is unusual that the date of notice in this case precedes the date of disability, but we see no problem with it here. Obviously, the claimant might have had difficulty proving his disability on July 6, 1982, when his condition was merely a suspicion, but he was able to conclusively prove disability by the time this matter came before the referee. We also see no prejudice to the employer by this early notice and none has been alleged.

The next issue presented by the petitioner is whether the claimant gave timely notice as required by Section 311. It asserts that the record clearly shows that the claimant was disabled in August of 1980 and knew, or should have known, of his disability at that time. We disagree. The record does not clearly show such a fact. This Court has repeatedly held that the receipt of federal black lung benefits is not conclusive proof that a claimant knows or should know that he is totally and permanently disabled by pneumoconiosis. *Republic Steel Corporation v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 29, 409 A.2d 1385 (1980); *Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978). This is true even when the claimant has retired for health reasons. *Republic Steel Corporation; Mathies Coal Company v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 120, 399 A.2d 790 (1979).

The claimant in the instant case was able to meet his burden of proving that he gave timely notice. We note that he had been under another doctor's care prior to his visit to Dr. Scicchitano, dating back to the time of his application for federal black lung benefits in August of 1980. The petitioner was aware of this fact and of the identity of the doctor, but did not produce any evidence to refute the claimant's proof.

Furthermore, the finding of the referee that the date of disability is July 26, 1982 is supported by the record and cannot be disturbed by this Court. Therefore, the deadline for the claimant to give notice to the petitioner was in November of 1982, rather than in December of 1980. Because the petitioner received notice prior to that deadline, the notice was timely.

Accordingly, we will affirm the Board's order.

### ORDER

AND NOW, this 6th day of April, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.