Opinion by
 

 Hirt, J.,
 

 On June 11, 1935, claimant, in the course of his employment as a loader, sustained severe injuries when caught between two pit cars in defendant’s mine. His right leg was crushed and amputation was necessary. A compensation agreement was entered into which recites the cause of the accident but does not describe the nature or extent of the injuries except to refer to the amputation of the leg between the knee and the ankle. By the agreement defendant assumed liability for compensation under section 306(c) of the Compensation Act, 77 PS 513, for the specific loss of the foot, and payments beginning June 19, 1935, were made throughout the period of 150 weeks. On May 4, 1938, claimant, alleging that he had sustained other injuries to his “back, hips and abdomen” in the accident, petitioned for a review of the agreement under §413, on the ground that it “does not cover disability beyond the loss of the foot.” The referee found additional injury, which had resolved itself into the loss of the use of the right leg and awarded compensation accordingly, under §306(c) for 215 weeks with a credit of 150 weeks for the loss of the foot. In effect this was an award for an additional 65 weeks. The board and the lower court affirmed.
 

 
 *67
 
 This appeal raises two questions: (1) Is there sufficient substantial evidence of disability amounting to the loss of the use of the leg, separate and distinct from the disability attributable to the loss of the foot, and. (2) was claimant’s petition for review filed in time?
 

 1. Claimant testified that his back was injured in the accident and two qualified medical witnesses testified that, though there were no external marks on the back, there was evidence of injury which accounted for severe pain across the small of the back and radiating through the back of the right thigh, extending downward from the level of the hip. Though the medical testimony as a whole is conflicting, there is competent testimony of claimant’s physicians who examined him which meets the standards of
 
 Elonis v. Lytle Coal
 
 Co., 134 Pa. Superior Ct. 264, 3 A. 2d 995, and constitutes proof of disability from injury to other parts of the body separate, apart and distinct from the loss of the foot.
 
 Lente v. Luci,
 
 275 Pa. 217, 119 A. 132. These two physicians found tenderness over the sciatic nerve and limited flexion of the right thigh due to pronounced muscle spasms in the back of the thigh. One of them diagnosed the additional disability as due to a chronic sprain in the sacroiliac joint with secondary involvement or irritation of the sciatic nerve. It was the professional opinion of both that this disability was traceable directly to the injury and that it had resolved itself into the permanent loss of the use of the leg. The fact that claimant with an artificial foot has been able to do some of the light work of a laborer does not neces.sarily rebut the conclusion that he has lost the use of the leg. This was a question for the compensation authorities. The work which claimant performed required no sustained effort and because of the pain and the limitation of movement, the fact that he was employed at all is evidence of the indulgence of his employer rather than of his ability to work. When an injury
 
 *68
 
 which caused the loss of a foot involves the entire leg, resulting in loss of use, the agreement for the loss of the foot, on review, may be modified and enlarged to provide compensation for a greater specific loss from permanent injury under §306(c).
 

 The referee’s findings in general are open to the criticism that in the main they are no more than a review of the medical testimony. But following a recital of this testimony the referee found “After a careful review of the testimony taken in the case, and an observation of the claimant by your Referee, we believe and find as a fact that the claimant, as a result of his accidental injury of June 11, 1935, suffers the industrial loss of the use of his right leg.” This conclusion is one of fact and must be so construed.
 
 Cartin v. Standard Tin Plate Co.,
 
 263 Pa. 56, 106 A. 63. This finding adopted the professional opinion of claimant’s medical witnesses based upon facts appearing in their testimony and it is clear from the referee’s findings that he accepted their testimony as reviewed by him in support of the finding of disability amounting to the loss of the use of the leg. For this reason defendant would gain nothing by having the case referred back to the compensation authorities for more specific findings; on our view of the findings as a whole the deficiencies are formal merely.
 

 2. Under the facts in this case the petition for review was in time. In the testimony it definitely and clearly appears that the loss of the use of the leg, as found by the referee, resulted directly from the permanent injury ; that the causal connection was complete and that the additional disability was separate and distinct from that which normally follows from the loss of the foot.
 
 Lente v. Luci,
 
 supra. If these facts had been known at the time of the agreement, claimant would be concluded by it. The agreement was entered into one week after the injury. It is reasonable to assume that both
 
 *69
 
 claimant and defendant then believed that there would be a recovery from injuries' to parts of the body other than the crushed lower leg and that they would not become permanent. There is no testimony to the contrary. Therefore while defendant is not charged with improper conduct in any respect in procuring the agreement, from the testimony it is clear that the agreement was executed upon mutual mistake of fact existing at the time it was made.
 
 Zupicick v. P. & R. C. & I. Co., 108
 
 Pa. Superior Ct. 165, 164 A. 731. Since this is so it is unimportant that the petition in this case was filed one day after the period of 150 weeks of the existing agreement. This proceeding is' under the first paragraph of §413 of the Act of 1919. And where an employe has suffered the permanent loss of a member compensable under §306 (c), if a compensation agreement, because of an existing mutual mistake of fact has been entered into for a shorter period than claimant was entitled to under the compensation act, the period within which he must move to set aside the agreement, under §413, is not the number of weeks specified in the existing agreement but the period fixed by §306(c) for the permanent loss of the use of the member which the claimant actually suffered, in this case 215 weeks.
 
 Kitchen v. Miller Bros. Co.,
 
 115 Pa. Superior Ct. 141, 174 A. 919. See also
 
 Tinsman v. Jones & Laughlin S. Corp., 118
 
 Pa. Superior Ct. 516, 180 A. 175;
 
 Strickland v. Baugh & Sons Co. et al.,
 
 139 Pa. Superior Ct. 273, 11 A. 2d 547.
 

 Since there is sufficient evidence of the additional specific loss and that the existing agreement was entered into upon mistake of fact, claimant is entitled to compensation for an additional period of 65 weeks.
 

 The judgment is affirmed.