Varo, Appellant, *v.* C. G. Hussey & Company et al.

Argued April 14, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, HIRT and KENWORTHEY, JJ.

*Vincent M. Casey,* of *Margiotti, Pugliese & Casey,* with him *John E. Evans, Jr.,* for appellant.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellee.

OPINION BY HIRT, J., July 23, 1942:

On August 18, 1933, claimant's right hand was caught in his employer's machinery and was crushed to a point in the forearm above the wrist. The initial open agreement for total disability merged in a later supplemental agreement, entered into by the parties, for the loss of the use of the hand; the compensable period of 175 weeks for that specific loss expired January 3, 1937. On the following day, claimant petitioned for a review of the agreement alleging, in effect, that his disability had resolved itself into the loss of the use of the arm. For reasons, which are not material, the referee later permitted this petition to be withdrawn "without prejudice" to claimant's rights. On September 29, 1937, claimant, by mail, sent a like petition for review, (with

which we are concerned in this appeal) to the branch office of the compensation bureau in Pittsburgh. The petition was received by the addressee in due course but was not delivered to the Bureau of Workmen's Compensation at Harrisburg until October 13, 1937.

The referee, upon conflicting medical testimony, found that claimant had suffered the loss of use of his right arm as a result of the injury and made an award accordingly. The board on appeal "deemed it unnecessary to enter into a complete and detailed discussion of the medical issues regarding disability." It indicated, however, that it was not impressed by claimant's medical testimony, but, in setting aside the referee's finding of fact to the above effect, the board made no substituted finding as to the extent or absence of additional disability. It based its action entirely on its finding that the petition for review was not filed until October 13, 1937, concluding therefrom that the petition was barred by the limitations of §413, 77 PS 771, of the compensation act because the application was not made within the term of the existing agreement. Claimant therefore, on the state of the present record, is not precluded from recovery by any adverse finding of fact as to the extent of his disability.

Two questions are raised by this appeal, one, whether claimant's petition was in time under the first paragraph of §413 and the other, whether there was sufficient compliance with §403, 77 PS 714 in the method employed in filing the petition with the compensation authorities.

1. There is medical testimony, which the referee accepted, though contradicted by defendant's medical experts, that the disability from the injury extended beyond the loss of the use of the hand. Dr. Robinsteen, who had been treating claimant since September 4, 1937, found marked atrophy of the muscles of the whole arm, and limited mobility in the elbow joint and greatly restricted motion at the shoulder. In addition to con-

ditions which may be attributable to those incident to a crushed hand and the bones of the forearm, this witness found evidence of a partial fracture of the lower end of the right humerus resulting in an exostosis—a morbid enlargement of the bone—causing pain upon motion because of roughness in the joint. In his opinion this injury to the humerus affected the muscles of the upper arm, and, secondarily, the shoulder, and was related to the growth of fibrous tissue found in both joints. The resulting disability in his opinion was the total loss of use of the arm. If this view be accepted (and that question, ultimately, will be one wholly for the compensation authorities) there is evidence of disability amounting to the loss of use of the arm separate and distinct from that attributable to the loss of the hand sufficient to establish that the agreement for the loss of the hand was executed on a mutual mistake of fact, existing at the time it was made. Where an employee has suffered a permanent loss compensable under 306(c), 77 PS 513, and if he has entered into an agreement for a shorter period of compensation than he was entitled to, the period within which he must move to set aside the agreement under the first paragraph of §413, is not the number of weeks specified in the existing agreement, but the period fixed by 306(c) for the permanent loss of the use of the member actually suffered. The rule thus promulgated in *Kitchen v. Miller Bros. Co.*, 115 Pa. Superior Ct. 141, 174 A. 919, has been followed consistently in numerous cases, the latest of which, perhaps, is *Bele v. Pittsburgh Terminal Coal Co.*, 146 Pa. Superior Ct. 65, 21 A. 2d 450. It applies as well to an agreement founded upon a mistake of fact as to one procured by fraud or other improper conduct.

2. The referee found as a fact that claimant's petition for modification was filed on September 27, [29] 1937. This finding the board set aside and, in lieu of it, found that the petition was not filed until October

13, 1937. The former date is within the compensable period of 215 weeks, within which claimant was entitled to a review under the first paragraph of §413; the latter is not. The board rested its finding wholly upon the notation placed upon the petition by the bureau at Harrisburg—"Rec'd Oct. 13, 1937," and the imprint of a rubber stamp to the same effect. The envelope in which claimant, through his attorneys, mailed the petition, though filed in the case at Harrisburg was not made a part of the record before the board. It has since been produced and bears the mailing date, stamped thereon by the postal authorities in Pittsburgh, of September 29, 1937, and the address: "Robert Barrish, Esq., Workmen's Compensation Bureau, Benedum-Trees Building, Pittsburgh, Penna." There is sufficient in the record to indicate that the compensation bureau maintained a branch office in Pittsburgh and that Robert Barrish was its representative. The notices of all hearings in this case, to be held "at room 505 Bene-dum-Trees Building" were signed by him on behalf of the secretary of the board.

On the facts as they now appear claimant is not barred by §403 of the compensation act, which requires that petitions "shall be mailed or delivered to the department at its principal office." The petition must be regarded as having been delivered to the duly authorized representatives of the department when it was deposited in the mails, not later than September 29, 1937. This delivery was made within the proper period for review. "The actual receipt at the home office within the time mentioned is not absolutely necessary to complete the delivery; the law must be reasonably construed": *Horn v. Lehigh Valley R. R. Co.*, 274 Pa. 42, 117 A. 409. The failure of the representative in charge of the Pittsburgh branch, therefore, to forward the petition to the department at Harrisburg within the statutory period is not fatal to claimant's right to a review on the merits. *Straub v. Budd Mfg. Co.*, 115 Pa. Su-

perior Ct. 395, 175 A. 704. Since a timely delivery of the petition to the department at Harrisburg was not made because of the negligence of one in charge of a branch office, this claimant may not be penalized by the conduct of that representative of the board. *Horton v. W. Penn Power Co.*, 119 Pa. Superior Ct. 465, 180 A. 56; *Demmel v. Dilworth Co.*, 136 Pa. Superior Ct. 37, 7 A. 2d 50.

Unless contrary facts are developed on a resubmission of this case, claimant's petition was in time under the first paragraph of §413, and the controlling question for the compensation authorities will be one of fact, whether claimant suffered additional injuries directly from the accident amounting to the permanent loss of the use of the arm, separate and distinct from such disability as normally follows from the loss of the hand.

The judgment is reversed with instructions that the record be remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.