## Richards, Appellant, *v.* Fraim Lock Company

Submitted December 13, 1945. Before BALDRIGE, P.J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harvey B. Lutz* and *Marshall M. Cohen,* for appellant.

*Richard A. Snyder* and *Paul A. Mueller,* for appellee.

OPINION BY BALDRIGE, P. J., January 18, 1946:

The claimant on January 18, 1943, was injured in the course of his employment. On the ninth of the following month the parties entered into an agreement for the payment of compensation for a definite period of 32½ weeks for claimant's loss of ½ of the left index finger (17½ weeks) and ½ of the left middle finger (15 weeks) in accordance with section 306(c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §513pp. On October 29, 1943, about 7 weeks after the final payment was made, claimant filed a petition to have the agreement reviewed, alleging injury to the middle finger had resolved itself into "the loss of use" of that member. An answer was filed denying claimant's allegations and averring that he was barred from the relief sought as the petition was not filed during the life of the agreement. A hearing was had before the referee who found: "6. From all of the testimony taken in this case, and from a personal observation of the claimant's hand, your Referee is of the opinion, and so finds as a fact that the claimant has

suffered the loss of ½ of the index finger of his left hand and loss of ½ of the middle finger of his left hand, for which he has been compensated . . ." His findings of fact and conclusions were affirmed by the board and its actions were sustained by the learned court below.

The appellant contends that (1) the finding that he had sustained only ½ loss of the use of the left middle finger, rather than the total loss of the use of that member is unwarranted as the undisputed evidence established a total loss of the entire finger, and (2) the agreement was founded upon a mutual mistake of fact as to the extent of the injuries to the left middle finger and therefore the period within which he was to move to set aside the agreement was 47½ weeks under paragraph 2, §413 of the Workmen's Compensation Act of 1915, supra, as amended 77 PS §772, and consequently the petition was filed in time.

Under section 306(c), supra, the loss of a first phalange of any finger shall be considered equivalent to the loss of ½ of that finger, and that the loss of more than one phalange of a finger shall be considered the loss of the entire finger. "Permanent loss of the use of a . . . finger . . . shall be considered as the equivalent of the loss of such . . . finger . . .".

The burden was upon the claimant to prove to the satisfaction of the compensation authorities, who may accept or reject any of the oral testimony, that he brought himself within the provisions of the section to which we have just referred. We have repeatedly stated that where their decision is against the party having the burden of proof the only question before us is whether the findings of fact are consistent with each other and whether the conclusions of law and order can be sustained without a capricious disregard of the competent evidence: *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Yaklich v. Union Collieries Co.,* 158 Pa. Superior Ct. 55, 43 A. 2d 591.

Directing our attention to the first position taken by appellant we find by referring to the record that Dr.

S. G. Pontius, called by the defendant, when asked to express an opinion as to the permanency of claimant's loss of the use of the middle finger, stated that while he could not use, or bend, it at the time of the hearing "I think it could be improved, I will not say he will be able to get that finger down to the palm of his hand, this middle joint, but I think it can be improved." Claimant's doctor did not express his opinion on this vital issue. Nor is there anything in his testimony which would permit the inference that the condition then present was permanent. We are, therefore, of the opinion that the compensation authorities did not act arbitrarily or capriciously in concluding that the loss was not permanent, which in the final analysis is the test for determining the eligibility for compensation under section 306(c), supra.

The appellant in his argument suggests that the evidence indicated that more than one phalange was removed. It appears that this contention was raised for the first time in this court and therefore we are not obliged to consider it. We might add, however, that we find no merit in this contention. Dr. C. Howard Witmer, called by the claimant, testified that he lost "about" one-half the distal phalanx of the middle finger and the middle joint is stiff. Dr. Pontius testified that he performed the amputation of the middle finger and that he took it off at the juncture of the middle and distal phalanx. "Q. You didn't take off the middle phalanx? A. No, but the soft portion, the soft tissues." The testimony of defendant's physician does not support the construction appellant imputes to Dr. Witmer's testimony. As above noted, Dr. Pontius removed "but the soft portion, the soft tissues" of that phalange. If this proposition now advanced had been raised in the court below, we would not be warranted in disturbing the findings of the referee approved by the board. Cf. *Vince v. Allegheny Pittsburgh Coal Co.*, 153 Pa. Superior Ct. 333, 33 A. 2d 788.

There is no difficulty in distinguishing the case in hand from *Bele v. Pittsburgh Terminal Coal Corporation*, 146 Pa. Superior Ct. 65, 21 A. 2d 450. The compensation authorities found there upon sufficient competent evidence that the claimant suffered an injury in addition to the one for which he was compensated under an agreement and the court upheld the award. There was no adverse finding to the claimant as in the instant case. Nor are *Varo v. C. G. Hussey & Co. et al.*, 149 Pa. Superior Ct. 518, 27 A. 2d 690, and *Yanik v. Pittsburgh Terminal Coal Corporation et al.*, 150 Pa. Superior Ct. 148, 27 A. 2d 564, helpful to the appellant, as they are similar in their facts to the *Bele* case.

As we are not warranted in disturbing the finding, based upon sufficient competent evidence, that the claimant has sustained only one-half loss of the use of the middle finger, it follows that the agreement which compensated him for that injury and accurately described the injuries, was not founded upon a mutual mistake of fact. It is not necessary, therefore, to discuss the second proposition raised by the appellant.

The judgment of the court below is affirmed.