Robert A. Unger, Appellant, *v.* Jones & Laughlin Steel Corporation and Workmen's Compensation Appeal Board, Appellees.

Submitted on briefs December 7, 1973, to Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*William R. Caroselli,* with him *McArdle, Henderson, Caroselli, Laffey and Beachler,* for appellant.

*Henry J. Wallace, Jr.,* with him *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY JUDGE KRAMER, February 20, 1974:

This is an appeal by Robert Unger (Unger) from an order of the Workmen's Compensation Appeal Board affirming the referee's dismissal of Unger's petition for modification.

Unger was employed by Jones & Laughlin Steel Corporation (J&L), and on November 13, 1968, he suffered a fracture of the tibia and fibula of the right leg. As a result of the injury, he received workmen's compensation for total disability for 34 weeks. Unger signed a final receipt on July 24, 1969, indicating that he was able to return to work on July 14, 1969.

On February 25, 1972, Unger filed a petition for modification. J&L urges that said petition for modification is in fact a petition to set aside a final receipt, and, as such, is barred by the appropriate two-year statute of limitations. Unger contends that he has suffered the permanent loss of use of his lower right leg and that we should hold that he could timely file his petition any time within the period set forth in the applicable schedule of compensation for the loss of use of a lower leg, i.e., 180 weeks.

Unger cites two cases to support his proposition that his petition was timely filed. *See Varo v. C. G. Hussey & Co.,* 149 Pa. Superior Ct. 518, 27 A. 2d 690 (1942) and *Bele v. Pittsburgh Terminal Coal Corp.,* 146 Pa. Superior Ct. 65, 21 A. 2d 450 (1941). Assuming arguendo that these cases are valid expressions of the current law (despite the enactment of subsequent legislative amendments and later judicial decisions which vir-

tually negate such a proposition),[1] neither *Varo, supra,* nor *Bele, supra,* can be said to control our decision with respect to the matter before us. Neither case involved a fact situation wherein a final receipt was executed, and both cases originated with a claim for compensation for a permanent loss under Section 306(c) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P. L. 736, 77 P.S. §513. The case before us did not originate with an agreement for a specific permanent loss under Section 306(c), and as previously noted, Unger did sign a final receipt. Under these circumstances the referee correctly ruled that Unger's petition for modification must be considered as though it were a petition to set aside final receipt.

Section 434 of the Act, 77 P.S. §1001, provides that a petition to set aside a final receipt must be filed within two years of the last compensation payments made to the claimant. In *Pliscott v. Dumble,* 9 Pa. Commonwealth Ct. 292, 296, 305 A. 2d 918, 920 (1973), we stated: "Section 434 of the Act is clear and unambiguous; and while we acknowledge that the Workmen's Compensation Act is remedial in nature and is to be liberally construed, it would be improper for us to ignore the clear and precise language of the Legislature." *See also City of Scranton v. Cleary,* 10 Pa. Commonwealth Ct. 424, 310 A. 2d 701 (1973).

Furthermore, in the instant case, the hearing before the referee was continued in order that Unger be given

---

[1] Unger bases his petition on Section 413 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §§771-774. In interpreting Section 413, in *Falls-Overfield Vocational School District v. Davis,* 8 Pa. Commonwealth Ct. 63, 68, 301 A. 2d 118, 121 (1973), this Court stated: "While many cases under Section 413 often discuss the period of the original award or agreement, careful scrutiny of the facts and holding will disclose that the timeliness of the petition was determined by the statutory limitation, and that statements relating to the period of the award or agreement must be considered dicta."

an opportunity to show fraud or mistake in the execution of the final receipt. At the continued hearing, he did not present evidence which would support such a proposition.

In light of the above, we must affirm the Board and dismiss the appeal.