Glenn L. Fox, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hempfield Township Road Supervisors, Respondents.

Argued December 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR. and BLATT, sitting as a panel of three.

*A. C. Scales,* with him *Scales and Shaw,* for petitioner.

*Carl B. Fried,* with him *Fried, Kane & Wallers,* and *James N. Diefenderfer,* for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, February 9, 1978:

On July 19, 1971, Glenn L. Fox, Sr., petitioner, filed a claim for workmen's compensation benefits relating to an accident allegedly suffered on October 29, 1970, while in the employ of the Hempfield Township Road Supervisors, respondent. On June 5, 1972, at hearing before a referee, at which petitioner appeared without counsel, petitioner agreed to withdraw his claim petition upon payment by respondent of his medical bills. On that same date, an order was issued granting petitioner's request to withdraw his claim petition.

On appeal to the Workmen's Compensation Appeal Board (Board), petitioner, now represented by counsel, argued for reversal of the referee's order on the ground that petitioner lacked counsel at the June 5, 1972 hearing and that he was, at the time, on medication which vitiated his capacity to intelligently withdraw his claim petition. On November 20, 1972, the Board affirmed the order of the referee and found that petitioner had "adequately understood the nature of the hearing and did indicate to the Referee that he did wish his Claim Petition withdrawn." *No appeal was taken from this order.*

Meanwhile, on July 10, 1972, petitioner filed a petition for modification of award, advancing the same arguments rejected by Board and claiming total disability due to the progressive nature of his alleged disability. Respondent answered that this petition to modify a nonexisting award was in the nature of a

claim petition and that it was barred both by the sixteen month time limitation for filing claims as then provided by Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §602, and by the res adjudicata effect of the prior determination of the Board from which no appeal was taken.

A second hearing before a referee was held on August 11, 1975, at which petitioner and his chiropractor testified over respondent's objections. On December 31, 1975, the referee dismissed claimant's petition, treating it as a claim petition barred by Section 315 of the Act and by the res adjudicata impact of the November 20, 1972 order of the Board from which no appeal had been taken.

An appeal to the Board raising again the same arguments already rejected, resulted in an order affirming the referee. This appeal followed.

Section 315 of the Act, as it existed at the time of petitioner's alleged accident provided, in pertinent part, as follows:

In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a [claim] petition. . . .

Petitioner's modification petition was properly treated as a claim petition in light of the withdrawal of his original claim petition, *cf. Unger v. Jones & Laughlin Steel Corp.*, 12 Pa. Commonwealth Ct. 264, 315 A.2d 909 (1974), and was thus subject to Section 315 of the Act. In *Workmen's Compensation Appeal Board v. Griffith*, 28 Pa. Commonwealth Ct. 623, 627, 368 A.2d 1371, 1374 (1977), we pointed out that by Section 315 of the Act, "[t]he legislature made timely

filing [of a claim petition] an express condition of the right to obtain an award of compensation and intended that a failure so to do should operate as an absolute bar of the right." While the Act is to be liberally construed, we cannot ignore such clear and precise language, *Unger, supra,* and, in the absence of a showing of fraud or its equivalent, we need go no further than to hold that petitioner's modification petition in the nature of a claim petition was properly dismissed as untimely filed. *Workmen's Compensation Appeal Board v. Gaines,* 24 Pa. Commonwealth Ct. 307, 355 A.2d 595 (1976).

### ORDER

Now, February 9, 1978, the order of the Workmen's Compensation Appeal Board is hereby affirmed.