John Cook, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Crown Cork and Seal Co., Inc. and Insurance Co. of North America, Respondents.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Joseph S. Bekelja,* with him *Frank, Margolis, Edelstein & Scherlis,* for appellant.

*Martin J. Fallon, Jr.,* with him *Swartz, Campbell & Detweiler,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., August 3, 1979:

John Cook appeals an order of the Workmen's Compensation Appeal Board (WCAB) which affirmed a referee's dismissal of his petition for modification of an award.

Our review of the modification petition and record supports WCAB's conclusion that Cook's petition is an inappropriate vehicle for the relitigation of a prior, unappealed decision and order. Where, as here, Claimant raises substantive legal objections to the referee's finding of the length of disability, reasonableness of the contest, and computation of compensation and expenses, his proper recourse is to appeal the referee's decision to WCAB.

On September 7, 1977, Cook was awarded benefits for a seven-week period for a work-related disability. The referee also assessed medical expenses in the amount of $2,447.60, finding a reasonable basis for the employer's, Crown Cork and Seal Company's, con-

test of liability. He also awarded Cook's counsel a 20% fee, to be paid from Cook's award.

Crown Cork and Seal's appeal to WCAB was withdrawn. Alleging the same errors he now asserts in his petition for modification, Cook attempted to appeal nunc pro tunc on November 1, 1977, 56 days after notification of the referee's decision. Cook's appeal was quashed as untimely because the twenty-day statutory period for appeals had expired. *See* Section 423 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §853.

Although we have held that an agency may, on its own motion, correct typographical or clerical errors in its findings and orders, which are not in dispute; *Cohen v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 349, 381 A.2d 1330 (1978); *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), the substance of "petitions for modification" are examined to insure they are not in reality a ploy to circumvent the statutory procedures.

In *Fox v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 575, 382 A.2d 494 (1978), a claimant who had withdrawn his claim petition when his employer paid his medical bills attempted to revitalize his claim by filing a petition for modification. There we ruled that the petition to modify a non-extant award was in essence a claim petition and bound by the Act's filing requirement. Similarly, in *Unger v. Jones and Laughlin Steel Corp.,* 12 Pa. Commonwealth Ct. 264, 315 A.2d 909 (1974), a petition for modification that was filed by a claimant who had signed a final receipt was held to be barred by the two-year statute of limitations for petitions to set aside final receipts.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §853.

In the disputed petition, Cook alleges the following errors by the referee: (1) he improperly calculated Cook's medical expenses by omitting $9.00 which Cook had paid to Albert Einstein Medical Center; (2) Cook's period of disability was not seven weeks, as the referee found, but nine weeks and one day; (3) the referee failed to include overtime pay when computing Cook's average weekly wages; (4) Cook did not have an opportunity to press his claim for attorney fees; and (5) the decision neglected to find Cook's incurred attorney fees.

We find that Cook is attempting to raise substantive legal objections to the referee's decision in his petition. We will not permit claimants to defeat the orderly appeal process provided by Section 423 by allowing petitions for modification to serve as substitutes for timely appeals.

Accordingly, we

ORDER

AND Now, this 3rd day of August, 1979, the order of the Workmen's Compensation Appeal Board dated November 2, 1978, dismissing John Cook's petition for modification is affirmed.