Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Jones & Laughlin Steel Corporation and James T. McCarthy, Respondents.

582

Argued May 10, 1979, before Judges Crumlish, Jr., Mencer and Craig, sitting as a panel of three.

*Larry A. Makel,* with him *Laurence W. Dague,* Assistant Attorney General, for petitioner.

*David M. McCloskey,* with him *Will & Keisling,* for respondent.

Opinion by Judge Craig, September 12, 1979:

On March 18, 1976, the employer-appellee in this case filed a petition to review a previous award of compensation by a referee, dated April 2, 1975,[1] direct-

---

[1] The Commonwealth appealed the decision to the Workmen's Compensation Appeal Board raising only the question of the referee's finding of disability. The Board affirmed per curiam.

ing that payment of the compensation be apportioned 75% and 25% against the Commonwealth and employer respectively, and adding:

> The above Award against the Defendant-Company only shall bear interest on all deferred payments of compensation at the rate of ten percentum per annum.

The interest provision of the award was never appealed, but the employer, much later, has now filed a petition under Section 413 of The Pennsylvania Workmen's Compensation Act (Act),[2] raising only the issue of who was to pay the interest, if any, on the portion of the award assessed against the Commonwealth; both the employer and the Commonwealth have refused to pay any interest on that portion of the award.

The same referee then concluded that the petition filed by the employer could not be considered a petition for review or modification under Section 413 of the Act and dismissed it. However, he also concluded as a matter of law that, under Section 406.1 of the Act,[3] interest on *all* compensation due could be assessed only against the employer and not the Commonwealth and directed the employer, who is self-insured, to pay interest on 100% of the original award of compensation.

The employer appealed to the Workmen's Compensation Appeal Board (Board) of the Department of Labor and Industry (Department). The Board reversed and assessed interest on each party in proportion to the respective shares of the compensation they owed. The Commonwealth appealed to this court.

We reverse.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

[3] Added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §717.1.

We review the substance of petitions filed under Section 413 "to insure that they are not in reality a ploy to circumvent the statutory procedures." *Cook v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 569, 571, 404 A.2d 446, 447 (1979). Thus, in *Banks v. Workmen's Compensation Appeal Board* we said:

'[W]here no change in claimant's condition is proved there can be no change in an earlier award and . . . a modification . . . proceeding cannot be used to relitigate the percentage of disability determined in the original award.' . . . Absent the requirement of showing a change in disability, a disgruntled employer (or claimant) could repeatedly attack what he considers an erroneous decision by a referee by filing petitions for modification based on the same evidence ad infinitum, in the hope that one referee would finally decide in his favor. The proper, and only, method of attacking an erroneous decision of a referee is by an appeal to the Board and subsequently to this Court.

15 Pa. Commonwealth Ct. 373, 377, 327 A.2d 404, 406 (1974).

However, here the employer was not trying to relitigate the substance of the disability award, but candidly attempting to obtain a clarification of an award which, at best, failed to specify with clarity how the interest payments were to be made. Nevertheless, the employer chose an improper procedural vehicle.

But the matter requires resolution. In line with the liberal construction of the Act and a policy of avoiding fruitless technicalities, previous cases have been liberal in construing petitions for review or modification under Section 413 as properly cognizable as petitions under some other appropriate sec-

tion of the Act, if circumstances so warrant. *See Rose v. Horn & Hardart Baking Co.,* 214 Pa. Superior Ct. 56, 251 A.2d 721 (1969); *Lako v. Schlessinger,* 208 Pa. Superior Ct. 85, 220 A.2d 665 (1966) (The latter case allowed a petition for review under Section 413 to be treated as a Section 426 Petition for Rehearing where such a petition would have been proper and the Board in fact treated it as such.)

In this case, the department could have raised this issue *sua sponte* under Section 435(b) of the Act,[4] which reads:

> If it appears that there has not been compliance with this act . . . the department may, on its own motion give notice to any persons involved in such apparent non-compliance and schedule a hearing for the purpose of determining whether there has been compliance. The notice of hearing shall contain a statement of the matter to be considered.

Section 406.1 of the Act mandates that "interest shall accrue on *all* due and unpaid compensation at the rate of ten percentum per annum." (Emphasis added.)

The petition filed in this case clearly stated that claimant's counsel had made demands for interest owing on 75% of the compensation award. In light of the mandate of Section 406.1 of the Act, the petition made it apparent to the Board that there existed a question of some failure to comply with the Act.

Thus, when the referee and then the Board passed on this latest interest issue, with adequate opportunity for all parties concerned to be heard, the department in effect was doing what it could have done on its own motion under Section 435(b).

---

[4] Added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §991(b).

We therefore agree with the employer that dismissal of the instant petition and relitigation of the issue under Section 435(b) would only further delay the same result we now have before us. Accordingly, although the referee was correct in questioning the appropriateness of a petition under Section 413, we will treat this petition as if initially undertaken by the department on its own motion under Section 435(b) of the Act.

In so doing, we hold that the referee, in considering the substance of the petition, committed no error of law in assessing interest on the entire award against the employer under our recent decision in *Mathies Coal Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 120, 399 A.2d 790 (1979), where we found no violation of the employer's constitutional rights by the assessment of such interest under Section 406.1 of the Act. We said:

> The Commonwealth's assumption of some part of the compensation due Claimants is a gratuity. Pekorofsky v. Glen Alden Coal Co., 171 Pa. Super. 97, 89 A.2d 890 (1952). The employer's obligation, however, arises from its responsibility to the employee by virtue of the hazards to which the employee has been exposed while employed in the employer's enterprise. Weyant v. General Refractories Co., 150 Pa. Super. 502, 29 A.2d 100 (1942). Therefore, we conclude that there is sufficient justification for the different treatment accorded the . . . [employers] as opposed to the Commonwealth.

*Mathies Coal Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. at 128, 399 A.2d at 794.

Therefore, we reverse and remand to the Workmen's Compensation Appeal Board with directions

that the award be corrected to provide specifically that defendant-employer shall pay claimant interest on the entire award dated January 10, 1975.

ORDER

AND Now, this 12th day of September, 1979, the order of the Workmen's Compensation Appeal Board dated June 15, 1978, at A-73581 is vacated and the case remanded to the Board with directions to correct the award of January 10, 1975, S.S. No. 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 in this same matter to provide specifically that interest on the entire amount of the aforesaid award shall bear interest on all deferred payments of compensation at the rate of ten percentum per annum, such interest to be paid entirely by the defendant-company.