Commonwealth of Pennsylvania, Appellant *v.* Reuben G. Owens, Appellee.

Argued May 5, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Laurence W. Dague,* Assistant Attorney General, with him, *Sandra S. Christianson,* Assistant Attorney General, for appellant.

*Bruce F. McKenrick,* with him *Fremont J. McKenrick, McKenrick & McKenrick,* for appellee.

OPINION BY JUDGE MENCER, August 1, 1980:

The Commonwealth of Pennsylvania (Commonwealth) appeals from an order of the Court of Common Pleas of Cambria County which affirmed an order of the Workmen's Compensation Appeal Board (Board) granting benefits and interest to Reuben G. Owens (claimant) and held the Commonwealth liable for all costs and reasonable attorney's fees incurred by claimant in defending the Commonwealth's appeal from the Board's order. We affirm in part and reverse in part.

The facts are not disputed. Claimant filed a petition for compensation under Section 301(i) of The Pennsylvania Occupational Disease Act (ODA), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(i), alleging that he was totally disabled by anthracosilicosis as a result of exposure to a silica hazard. The referee agreed and awarded compensation. The referee also awarded interest on all accrued payments, pursuant to Section 410 of ODA, 77 P.S. §1510. The

Commonwealth appealed only the award of interest to the Board, which affirmed the referee. The Commonwealth appealed to the lower court, which affirmed the Board and, in addition, awarded claimant all costs and reasonable attorney's fees incurred by claimant in defending the Commonwealth's appeal from the Board's order. The Commonwealth then appealed here, claiming that both the award of interest and the imposition of costs and attorney's fees were improper.

On the interest issue, Section 410 of ODA provides:

> Whenever *any claim* for compensation is presented to the board, and is finally adjudicated in favor of the claimant, the amounts of compensation ... *shall bear interest* at the rate of six per centum.... (Emphasis added.)

The Commonwealth argues that it is not liable for interest payments unless there is express statutory authority[1] and contends that Section 410 applies only to "employers" and "employes" and does not include the Commonwealth. We disagree. Not only does the plain language of the statute include the Commonwealth, but also "employer" is defined in Section 103 of ODA, 77 P.S. §1203, as follows:

> The term 'employer,' as used in this act ... include[s] natural persons, partnerships, joint-stock companies, corporations for profit, corporations not for profit, municipal corporations, *the Commonwealth, and all governmental agencies created by it.* (Emphasis added.)

Moreover, in interpreting identical language in Section 410 of The Pennsylvania Workmen's Compensation Act (WCA), Act of June 2, 1915, P.L. 736, *as*

---

[1] *See, e.g., Pa. Turnpike Comm'n v. Smith*, 350 Pa. 355, 39 A.2d 139 (1944); *Tunison v. Commonwealth*, 347 Pa. 76, 31 A.2d 521 (1943).

*amended,* 77 P.S. §751, we have recently determined that "interest payments are a part of the compensation due claimant." *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 339, 413 A.2d 432, 435 (1980). The rationale for this conclusion, applicable to ODA, is that

> [i]nterest payments are clearly intended to effect the compensatory goal of the Act, since the purpose of the interest provision 'is to put the claimant, when his right to compensation is finally adjudicated in his favor, in the *same position as if no contest had been made,* considering interest at six per cent equivalent to the loss of the use of the money.' Petrulo v. M. O'Herron Co., 122 Pa. Superior Ct. 163, 168, 186 A. 397, 399 (1936) (emphasis added).

*Id.* at 339, 413 A.2d at 435.

Since the Commonwealth here is liable for compensation payments, it is, therefore, also liable for the interest payments. *Charnak v. Greenwood Stripping Corp.,* 5 Carbon 151 (C.P. 1975). *Cf. Commonwealth v. Council 13, AFSCME,* 43 Pa. Commonwealth Ct. 177, 401 A.2d 1248 (1979) (sovereign immunity is not a bar to the award of interest); *Commonwealth v. Philadelphia Gas Works,* 484 Pa. 60, 69, 398 A.2d 942, 947 (1979) (Manderino, J., concurring and dissenting) (interest payment is required in light of abolishment of sovereign immunity).[2]

_____

[2] For other cases in which the Commonwealth was held liable for interest payments, *see, e.g., Dep't of Transp. v. DePaul,* 29 Pa. Commonwealth Ct. 447, 371 A.2d 261 (1977); *Allegheny County Police Pension Fund v. Casey,* 26 Pa. Commonwealth Ct. 175, 362 A.2d 1136 (1976); *Gen. State Auth. v. Loffredo,* 16 Pa. Commonwealth Ct. 237, 328 A.2d 886 (1974); *Dep't of Property & Supplies v. Berger,* 11 Pa. Commonwealth Ct. 332, 312 A.2d 100 (1973).

The Commonwealth relies on *Department of Labor & Industry v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 581, 405 A.2d 1065 (1979) and *Mathies Coal Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 120, 399 A.2d 790 (1979), for their position that the Commonwealth is not liable for interest payments. In *Department of Labor & Industry* and *Mathies,* both the employer and the Commonwealth were each partially liable for the payment of compensation due claimant. The referee in each case assessed the entire interest payment liability against the employer and this court affirmed that action, holding that the referee did not commit an error of law. Both *Department of Labor & Industry* and *Mathies,* however, were decided prior to *Klingler v. Workmen's Compensation Appeal Board, supra.* Moreover, in both *Department of Labor & Industry* and *Mathies,* the claimant received interest payment. To deny interest here, on the ground that only the Commonwealth is liable for compensation, would nullify the compensatory goal of ODA.[3]

The Commonwealth next argues that the lower court erred in assessing costs and attorney's fees. We agree. In *Weyant v. General Refractories Co.,* 150 Pa. Superior Ct. 502, 29 A.2d 100 (1942), the Court determined that the Commonwealth was not liable for costs unless costs were clearly imposed by statute. ODA,

---

[3] Likewise distinguishable are *Commonwealth v. Phil. Gas Works, supra,* and *Purdy Estate,* 447 Pa. 439, 291 A.2d 93 (1972). In those cases, the Court determined that the Commonwealth was not liable to pay interest on a tax refund payment where the taxpayer had *voluntarily,* although erroneously, overpaid taxes and where the Commonwealth had not solicited the overpayment. Here, however, the Commonwealth has a *statutory obligation* to pay compensation to claimant, which obligation includes the payment of interest.

unlike WCA,[4] does not provide for the payment of attorney's fees and costs. Moreover, we do not believe that attorney's fees and costs are part of the compensation due claimant. *See Weyant v. General Refractories, supra.* Even if costs and attorney's fees could be imposed, we find that there was a reasonable basis for the contest. *Cf. Harmar Coal Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 98, 381 A.2d 215 (1977) (whether a reasonable basis exists is a question of law); *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977) (novelty and difficulty of issue supplied sufficient basis for a reasonable contest).

Order affirmed in part and reversed in part.

### ORDER

AND NOW, this 1st day of August, 1980, that portion of the order of the Court of Common Pleas of Cambria County, dated July 5, 1979, granting benefits and interest to Reuben G. Owens, is hereby affirmed. That portion of said order granting costs and attorney's fees is hereby reversed.

---

[4] Section 440 of WCA, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.